# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

OCWEN LOAN SERVICING, LLC     §
                                   §    Civil Action No.  4:17-CV-690

v.                                       §    (Judge Mazzant/Judge Nowak)
                                      §

CLAY B. HEIBERG, IN HIS CAPACITY    §
AS EXECUTOR OF THE ESTATE OF      §
GREGORY L. COLLINS, ET. AL.         §

### MEMORANDUM ADOPTING REPORT AND
### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On May 11, 2020, the report of the Magistrate Judge (Dkt. #103) was entered containing proposed findings of fact and recommendations that Plaintiff Ocwen Loan Servicing, LLC's Motion for Summary Judgment (Dkt. #89) be granted, and that final judgment be entered in favor of Plaintiff and against Defendants.  Having received the report of the Magistrate Judge, having considered Defendant Suzanne M. Stanton's Objections (Dkt. #104), Plaintiff's Response (Dkt. #105), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

### RELEVANT BACKGROUND

Plaintiff Ocwen filed the instant suit on September 28, 2017, in the Eastern District of Texas seeking to enforce a mortgage lien interest in the real property located at 1501 Sussex Drive, Plano, Collin County, Texas 75075 (the "Property") against Defendants Clay B. Heiberg, in his capacity as executor of the estate of Gregory L. Collins, and Suzanne M. Stanton, individually (Dkt. #1). Prior to his death, the Property was owned by Gregory Lee Collins (hereinafter

"Decedent"); and following his death in 2013, the Loan went into default as Decedent's estate failed to make the September 1, 2014 payment on the Note and each payment thereafter (Dkts. #1; #89-1).  After sending a notice of default and intent to accelerate, Ocwen accelerated the maturity of the Loan by filing the instant suit (Dkt. #1).  By and through the instant suit, Ocwen seeks an order permitting enforcement of its lien and foreclosure of the Property under the security instrument and § 51.002 of the Texas Property Code (Dkts. #1; #89).  Defendant Heiberg, in his capacity as the executor of the estate of Decedent, and Defendant Stanton, in her alleged capacity as the common-law spouse of the Decedent, filed competing probate actions relating to the Property (Dkt. #1).  The Court has previously considered, and rejected, the applicability of the probate exception to this case (Dkts. #37; #45).  Ocwen and Defendant Heiberg have resolved all disputes between themselves and previously requested the Court enter a partial agreed judgment related to Ocwen's claim for foreclosure against Defendant Heiberg (Dkt. #67).  The Court denied such request pending the disposition of the instant Motion for Summary Judgment (Dkt. #99). On May 11, 2020, the Magistrate Judge recommended Ocwen's Motion for Summary Judgment be granted (Dkt. #103), and that the Court find Ocwen is a proper plaintiff, Ocwen is entitled to enforce the Loan, the Loan is in default, Owen is entitled to a declaration that the lien against the Property shall be enforced by a judgment allowing it to proceed with foreclosure pursuant to Texas Property Code § 51.002, and Ocwen is further entitled to attorney's fees as established by subsequent motion practice.  On May 26, 2020, Defendant Stanton filed a document titled "In Response to Your 2nd Summary Judgment Dated 5/11/20 Suzanne M. Stanton Recuses Judge Christine Nowak and Judge Amos Mazzant" (Dkt. #104).  Although titled "in response" to the Magistrate Judge's report, Defendant Stanton does not address any of the findings contained therein, and instead asserts this Court has taken jurisdiction over the case fraudulently, committed

2

judicial misconduct, and that the Magistrate Judge and the undersigned have been recused (Dkt. #104).  On May 29, 2020, Ocwen filed a response to Defendant Stanton's Objections, arguing they are "unintelligible and fail[] to address any of the findings in the Report and Recommendation" (Dkt. #105 at p. 2).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).  Defendant Stanton's Objections largely reiterate her discontent with the competing probate proceedings. Defendant Stanton does not object to any of the Magistrate Judge's substantive findings, including that Ocwen is entitled to enforce the Loan, that the Loan is in default, or that Ocwen is entitled to proceed with foreclosure.  As such, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the undersigned hereby adopts the Magistrate Judge's report as the findings and conclusions of the Court.  Notwithstanding, because Plaintiff appears to contest the Court's diversity jurisdiction, the Court addresses same herein.

### *The Court has Diversity of Citizenship Jurisdiction*

Defendant Stanton claims "[t]his [C]ourt took Federal Jurisdiction fraudulently" (Dkt. #104 at p. 1).  Defendant Stanton quotes 28 U.S.C. § 1332(c)(2) which states in relevant part "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ."  "Complete diversity 'requires [only] that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Xome Settlement Servs., LLC v. Certain Underwriters at Lloyd's, London*, 384 F. Supp. 3d 697, 699 (E.D. Tex. 2019) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)).  Plaintiff

alleges its state citizenship (U.S. Virgin Islands) is different from Defendant Heiberg (Tennessee) and Defendant Stanton (Texas) and the amount in controversy exceeds $75,000.00 (Dkt. #1). Complete diversity exists.  Even if Defendant Heiberg was deemed a citizen of the State of Texas (which is what Plaintiff seemingly argues), complete diversity would still exist.

Stanton also cites to 28 U.S.C. § 1332(c)(1) and avers "Ocwen is a contractor for USAA Insurance who insures [the Property] which is in the 'Collins Trust'" (Dkt. #104 at p. 4).  Section 1332(c)(1), states:

> [A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
> > (A) every State and foreign state of which the insured is a citizen;
> >
> > (B) every State and foreign state by which the insurer has been incorporated; and
> >
> > (C) the State or foreign state where the insurer has its principal place of business; and . . . .

28 U.S.C. § 1332(c)(1).  As acknowledged in Stanton's Objections, USAA Casualty Insurance Company is merely the insurer of the Property; USAA Casualty Insurance Company is not a party to the instant action and its citizenship as a non-party insurer has no bearing whatsoever on diversity jurisdiction.  Moreover, as detailed in the Magistrate Judge's report, USAA Federal Savings Bank originated the Loan; however, its security interest in the Property was subsequently assigned:

> The Note was specially indorsed from USAA to Ally Bank, from Ally to GMAC Mortgage, Inc., and from GMAC to Fannie Mae [Dkt. 89-2 at 7].  Fannie Mae then indorsed the note in blank [Dkt. 89-2 at 2].  Fannie Mae is the current owner and

> holder of the Note [Dkt. 89-1 at 4].  [Plaintiff] is in possession of the original Note
> on behalf of Fannie Mae and also is the current servicer of the Loan [Dkt. 89-1
> at 4].

(Dkt. #103 at p. 2).  The Court has subject matter jurisdiction over the instant cause.  Defendant

Stanton's Objection is overruled.

***Recusal Request***

To the extent Defendant Stanton again seeks recusal of the Magistrate Judge and/or the

undersigned through her Objections, she has not demonstrated that recusal and/or disqualification

is appropriate.  Defendant Stanton has not identified in her Objections a single ground for the

recusal of the undersigned or the Magistrate Judge, and the Court has already addressed Stanton's

previous request for recusal at length (Dkt. #102).  Further, the findings and conclusions contained

in the Magistrate Judge's report and the other rulings issued by the Court in this case, without

more, are not a sufficient basis to justify recusal.  Defendant Stanton's Objection is overruled.

## CONCLUSION

Having considered Defendant Stanton's Objections (Dkt. #104), Plaintiff Ocwen's

Response (Dkt. #105) and having conducted a de novo review, the Court adopts the Magistrate

Judge's report (Dkt. #103) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff Ocwen Loan Servicing, LLC's Motion for

Summary Judgment (Dkt. #89) is hereby **GRANTED**.

Plaintiff shall file its requested form of final judgment within five (5) days of entry of this

Memorandum Adopting.

**IT IS SO ORDERED**.

**SIGNED this 17th day of June, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE